1 | Kevin M. Zietz, Esq. (SBN 186244)
E-mail: kevin@zietzlaw.com
2 | LAW OFFICES OF KEVIN M. ZIETZ, PC
16055 Ventura Boulevard, Suite 432
3 | Encino, California 91436
Tel: (818) 981-9200
4 | Fax: (818) 981-9201

5 | Todd Krauss, Esq. (SBN 187991)
E-mail: todd@tkrausslaw.com
6 | LAW OFFICES OF TODD KRAUSS & ASSOCIATES
16055 Ventura Boulevard, Suite 432
7 | Encino, California 91436
Tel: (818) 981-1007
8 | Fax: (818) 322-3901

9 | Attorneys for Plaintiff,
10 | CHRYSTAL SMITH

11

12 | **UNITED STATES DISTRICT COURT**

13 | **CENTRAL DISTRICT OF CALIFORNIA**

14

15 | CHRYSTAL SMITH

16 |       Plaintiff,

17 | v.

18 | AETNA LIFE INSURANCE
COMPANY; COMPUTER
19 | SCIENCES SHORT-TERM
DISABILITY PLAN; and DOES 1
20 | to 10, Inclusive,

21 |       Defendants.

Case No. :

**COMPLAINT FOR DAMAGES UNDER THE EMPLOYEE RETIREMENT INCOME SECURITY ACT**

**[29 U.S.C. §1132(a)(1)]**

Plaintiff, CHRYSTAL SMITH (hereinafter referred to as "Plaintiff"), complains of Defendants AETNA LIFE INSURANCE COMPANY (hereinafter referred to as "PRUDENTIAL"), and COMPUTER SCIENCES CORPORATION SHORT-TERM DISABILITY PLAN, (hereinafter referred to as "The Plan"), as follows:

- 1 -

## JURISDICTION AND VENUE

1.      This Court's jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331, 1337 and 29 U.S.C. §1132(a)(1), (e), (f), and (g), of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1101. et. seq. (hereafter ERISA) as it involves a claim by Plaintiff for disability benefits under an employee benefit plan regulated and governed under ERISA. Jurisdiction is predicated under these code sections as well as 28 U.S.C. §1331 as this action involves a federal question.

2.      The events or omissions giving rise to Plaintiff's claim occurred in this judicial district, thus venue is proper here pursuant to 28 U.S.C. §1391(b)(2), and the ends of justice require it.

3.      The ERISA statute at 29 U.S.C. §1133, in accordance with Regulations of the Secretary of Labor, provides a mechanism for internal appeal of benefit denials. Those avenues of appeal have been exhausted.

4.      Plaintiff exhausted the appeal process on or about January 16, 2014, at which time she was informed by AETNA that the decision to terminate her Short-Term Disability benefits beyond December 3, 2015 was being upheld, and that she had a right to bring a civil action pursuant to section 502(a) of ERISA.

## GENERAL ALLEGATIONS

5.      Plaintiff is informed and believes and thereon alleges that the PLAN is an employee welfare benefit plan established and maintained by Plaintiff's employer, Computer Sciences Corporation, to provide its employees with group short-term insurance to pay a portion of a covered employee's income during a period of disability.

6.      The Plan can be sued as an entity pursuant to 29 U.S.C. §1132(d)(1).

7.      Plaintiff was an individual citizen and was a resident of the State of California, County of Los Angeles, residing within the Central District of the State of California at the time the claim arose.

///

- 2 -

COMPLAINT FOR DAMAGES UNDER ERISA

1   8.   On information and belief, AETNA issued a policy that fully insures
2   The Plan and therefore is contractually obligated to pay benefits on claims covered
3   and approved.

4   **FACTUAL BACKGROUND**

5   9.   At all times relevant hereto, Plaintiff, currently age 50, was employed
6   as a Network Engineer and was and is a participant and beneficiary of The Plan.
7   Her occupation required that she install, maintain and troubleshoot and repair
8   telephone and voicemail systems and networks for the entire company.

9   10.   Plaintiff's job required her to travel from California to Arizona, and
10   when not travelling, required her to sit for 8 hours a day monitoring, installing,
11   troubleshooting and maintain telephone and voicemail systems for the company.

12   11.   Plaintiff stopped working due to her disability on December 7, 2013
13   due to lumbar spondylosis with radiculopathy, and chronic disc degeneration.

14   12.   The policy insuring The Plan defines "Disability" as follows:

15   You will be deemed to be disabled if you are not able, solely because of
16   disease or injury, to perform the material duties of your own occupation.

17   You will not be deemed to be performing the material duties of your own
18   occupation if:

19   • You are performing some of the material duties of your own occupation;
20   and
21   • solely due to disease or injury, your income is 80% or less of your
22   predisability earnings.

23   If your own occupation requires a professional or occupational license or
24   certification of any kind, you will not be deemed to be disabled solely because of
25   loss of license or certification

26   13.   Plaintiff had ongoing complaints since April of 2010.  She underwent
27   a left L5-S1 microscopic lumbar discectomy and micro-decompression.

28   ///

- 3 -

COMPLAINT FOR DAMAGES UNDER ERISA

14.   In October of 2011, a MRI of Plaintiff's lumbar spine revealed a new large extrusion in right lateral recess and moderate displacement of the right S1 nerve root, a peripheral annular tear in the left lateral recess and granulation tissue around the left S1 nerve root.

15.   Prior to going out on disability, Plaintiff had been given multiple epidurals, completed a pain management program, and tried numerous medications. Her condition was listed as chronic and reaching the limits of medical treatment without expected improvement in pain levels.  Part of her issue is scar tissue and more surgery could lead to similar issue.

16.   In a letter dated January 21, 2104, AETNA advised Plaintiff that her claim for short-term disability benefits was denied because there was no objective evidence to support limitations precluding her from sitting, standing, walking or performing computer work as required by her occupation.

17.   On or about September 8, 2014, Plaintiff submitted a timely written appealed and advised AETNA that Kaiser Permanente would not complete a functional capacity evaluation or provide any specific statements regarding a patient's disability status.  Plaintiff provided updated medical records from Kaiser for the period between April 2013 and August of 2014.

18.   Plaintiff's appeal advised AETNA regarding her modified work schedule, and of the fact that she was not able to keep up with the schedule due to her disabling condition.  Plaintiff noted difficulty with prolonged sitting or standing and that she was relying on powerful medications to help her get through the day.

19.   In a letter dated November 10, 2014, AETNA upheld their previous decision to deny short-term benefits to Plaintiff.

20.   AETNA alleges that during a peer-to-peer consultation, Plaintiff's primary care doctor stated she could work a full-time light level occupation.  It was noted that for a time Plaintiff stopped taking all medications.  AETNA determined that Plaintiff should be able to work at a sit/stand work station.

- 4 -

COMPLAINT FOR DAMAGES UNDER ERISA

21.   AETNA determined that the medical documentation lacked clinical examination findings that revealed impairment that would prevent Plaintiff from performing the material duties of her own occupation.

## COUNT ONE

### For Damages and Benefits Against Defendants

### AETNA LIFE INSURANCE COMPANY and

### COMPUTER SCIENCES COMPANY

### SHORET-TERM DISABILITY PLAN

### (Pursuant to 29 U.S.C. Section 1132(a)(1))

22.   Plaintiff hereby re-alleges and incorporates paragraphs 1 through 21 as if fully set forth herein.

23.   Based upon information currently in Plaintiff's possession, the effective date of the STD Plan is unknown.  Based upon information and belief, the policy renews on the 1st of January each year.

24.   Based upon information and belief, the STD policy and Summary Plan Description contain an expressed grant of discretionary authority.

25.   However, *California Insurance Code* § 10110.6 will render the express grant of discretionary authority null and void and the Court will apply a de novo standard of review.

26.   Plaintiff's claim is for non-vested employee welfare benefits, so the controlling plan is the one that existed at the time her ERISA cause of action accrued (which is when LTD benefits were finally denied on November 10, 2014).

27.   The weight of the medical evidence in the administrative record supports a determination that Plaintiff has limitations and restrictions that prevent her from being able to perform the material duties of her own occupation.

28.   In the event that the court applies an abuse of discretion standard, Plaintiff alleges that AETNA has a structural conflict of interest because it is the claims administrator and the funding source of claims paid pursuant to the STD

- 5 -

1  policy that insures the PLAN.

2      29.    In the event that the court applies an abuse of discretion standard,

3  AETNA'S claims decision was illogical, implausible, and/or without support in

4  inferences that may be drawn from the facts in the record.

5      30.    As a direct and proximate result of AETNA'S wrongful denial of STD

6  benefits, Plaintiff contends that AETNA has breached the contract by not paying

7  benefits, payable at the contractual monthly rate, less appropriate offsets, from

8  December 14, 2013 through the maximum benefit period.

9      31.    As a further direct and proximate result of the denial of benefits, and

10  due to AETNA'S failure to pay benefits, Plaintiff had to engage the services of

11  attorneys to assist her in recovering benefits due her under the terms of the PLAN.

12  Accordingly, Plaintiff will be entitled to reasonable attorneys' fees in an amount

13  according to proof pursuant to 29 U.S.C. Section 1132(g)(l).

14      WHEREFORE, plaintiff demands judgment against Defendants, and each of

15  them, as follows:

16                          **Count One**

17      1.    Damages for breach of contract pursuant to 29 U.S.C. Section

18  1132(a)(1)(B), for Long-Term Disability benefits payable at the contractual

19  monthly rate, less appropriate offsets, from December 14, 2013 through the

20  maximum benefit period;

21      2.    Interest on said amounts in accordance with law;

22      3.    For reasonable attorney's fees and costs in a sum according to proof,

23  pursuant to 29 U.S.C. Section 1132(g)(1);

24      4.    For an order remanding the claim back to the claim administrator for a

25  determination regarding whether Plaintiff is eligible for long-term disability

26  benefits;

27  \ \ \

28  \ \ \

- 6 -     COMPLAINT FOR DAMAGES UNDER ERISA

1    5.    For any further relief that the court deems reasonable and just.

2

3    DATED: November 8, 2016    Respectfully submitted,

4                               LAW OFFICES OF KEVIN ZIETZ

5

6                               By: _____

7                                   Kevin M. Zietz
8                                   Attorney for Plaintiff
                                    CHRYSTAL SMITH
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 7 -

**COMPLAINT FOR DAMAGES UNDER ERISA**